IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


JENNIFER L. CHEN,                                  Civ No. 05-6273-AA

    Plaintiff,                            OPINION AND ORDER

  v.

HEWLETT-PACKARD COMPANY, a
foreign corporation,

    Defendant.

---

David C. Force
P.O. Box 10972
Eugene, OR  97405
    Attorney for plaintiff

Stacey E. Mark
Nathan A. Karman
Ater Wynne
222 S.W. Columbia, Suite 1800
Portland, OR 97201
    Attorneys for defendant

AIKEN, Judge:

    Plaintiff filed suit alleging unlawful employment practices under Or. Rev. Stat. § 659A.040, breach of Benton County Ordinance 98-0139, and wrongful termination under state common law.

1 - OPINION AND ORDER

Defendant now moves for dismissal of plaintiff's claim for wrongful termination under Federal Rule of Civil Procedure 12(b)(6). The motion is denied.

## BACKGROUND

Plaintiff alleges the following facts in her complaint.

On January 15, 1997, defendant employed plaintiff at its facility in Benton County. Plaintiff is a homosexual and her sexual orientation was known by defendants.

In July 2000, plaintiff suffered an occupational injury, utilized and involved the procedures in Or. Rev. Stat. Chapter 659 and sought benefits for a repetitive motion injury. During this time, plaintiff was placed in a modified duty position.

In February 2004, she was returned to her former position.

On April 28, 2004, plaintiff again suffered an occupational injury and applied for benefits.

On May 3, 2004, plaintiff was released for modified duty. However, plaintiff's symptoms and disability continued to worsen.

On July 28, 2004, plaintiff agreed to undergo a surgical procedure.

On August 2, 2004, defendant terminated plaintiff from her employment.

During her employment, plaintiff was an advocate for diversity in the workplace, for the protection of homosexual persons from workplace harassment and discrimination, and for the fair treatment of persons suffering from occupational injuries.

On January 13, 2005, plaintiff initiated an administrative

charge of unlawful discrimination under Or. Rev. Stat. § 659A.040 with the Oregon Bureau of Labor and Industries.

On March 29, 2005, plaintiff receive a right-to-sue letter.

## STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), dismissal for failure to state a claim is proper only when it appears to a certainty that the plaintiff can prove no set of facts in support of his claim that would entitle the plaintiff to relief. Morley v. Walker, 175 F.3d 756, 759 (9th Cir. 1999). For the purpose of a motion to dismiss, a complaint is liberally construed in favor of the plaintiff, and its allegations are taken as true. Lee v. County of Los Angeles, 240 F.3d 754, 764 (9th Cir. 2001).

## DISCUSSION

Defendant seeks dismissal of plaintiff's common law claim for wrongful discharge in violation of public policy on the basis that plaintiff asserts no employment related right to advocate for the protection of homosexual persons or those with occupational diseases. Defendant maintains that plaintiff identifies no constitutional or statutory provisions that recognize workplace advocacy as a right of import public interest. Patton v. J.C. Penney, 301 Or. 117, (1986).

Oregon law permits a common law claim when wrongful discharge of an employee thwarts an important public function and no statutory remedy exists. Delaney v. Taco Time International, Inc., 297 Or. 10, 15, 681 P.2d 114 (1984) (discharge for refusing to sign a false statement regarding a former employee); Nees v. Hocks, 272

3 - OPINION AND ORDER

Or. 210, 219, 536 P.2d 512 (1975); (discharge for serving on jury duty). As explained by this court in <u>Draper v. Astoria Sch. Dist. 1C</u>, 995 F. Supp. 1122 (D. Or. 1998), the wrongful discharge tort "never was intended to be a tort of general application but rather an interstitial tort to provide a remedy when the conduct in question was unacceptable and no other remedy was available." <u>Draper</u>, 995 F. Supp. at 1128.

In this case, plaintiff claims that she was terminated not only because of her sexual orientation and her injuries and claim for benefits, but also because she was an "advocate" for homosexual persons and those with occupational diseases or injuries, including herself. Construing the complaint liberally and with all inferences in favor of plaintiff, she arguably alleges that she was terminated for opposing or resisting practices that were discriminatory toward homosexuals and/or injured and disabled persons.

I disagree with defendant's argument that plaintiff must identify a specific legal right to advocate for homosexuals and persons injured in the workplace. Discriminatory practices against such persons are prohibited by law, and I find that plaintiff's allegations may form the basis of a wrongful discharge claim. See <u>Holien v. Sears, Roebuck and Co.</u>, 298 Or. 76, 90-91, 689 P.2d 1292 (1984); <u>Delaney</u>, 297 Or. at 15-16, 681 P.2d 114; <u>Goodlette v. LTM, Inc.</u>, 128 Or. App. 62, 65-66, 874 P.2d 1354 (1994).

Accordingly, plaintiff's allegations state a claim for common law wrongful discharge.

## CONCLUSION

For the reasons set forth above, defendant's Motion to Dismiss (doc. 4) is DENIED.

IT IS SO ORDERED.

Dated this __20__ day of December, 2005.


　　　　　　　　__/s/ Ann Aiken__
　　　　　　　　Ann Aiken
　　　United States District Court Judge